UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND, | No. 2:22-cv-01494-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| GENA JONES, Warden, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

The court has reviewed plaintiff's complaint (ECF No. 1) pursuant to § 1915A and finds it must be dismissed with leave to amend. Plaintiff purports to bring claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act. He also asserts an equal protection claim pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that he is assigned to the "Enhanced Outpatient Program psychiatric level of care" at California Health Care Facility (CHCF). ECF No. 1 at 3, 13. He challenges a prison policy which "allows for [EOP inmates] to be restricted from equally accessing the E-Facility recreational yard." Plaintiff alleges that non-EOP inmates are provided daily access to the yard. The gravamen of the complaint is that an unspecified policy at CHCF grants non-EOP inmates more access to outdoor recreation than EOP inmates. Plaintiff asserts that this policy violates the ADA, the Rehabilitation Act, and his 14th Amendment right to equal protection. ECF No. 1 at 3.

With respect to plaintiff's ADA claim against Warden Jones, there is no individual liability for defendants sued for Title II violations pursuant to section 1983. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("We therefore join the Fifth, Eighth, and Eleventh Circuits and hold that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act."). Instead, the proper defendant in an ADA action is the public entity responsible for the alleged discrimination. *United States v. Georgia*, 546 U.S. 151, 153 (2006). The term "public entity" includes state prisons. *See Pennsylvania Dept. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998). As plaintiff seeks to sue under the ADA but does not name any public entity as a party, he fails to state a claim upon which relief can be granted.

In addition, to state a claim under the ADA and/or the Rehabilitation Act[1], plaintiff must allege: (1) he is an individual with a disability, (2) he is otherwise qualified to participate in or receive the benefit of a public entity's services, programs, or activities, (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018). Plaintiff has not provided any details about the challenged policy nor alleged that the prison excluded him, denied him benefits, or discriminated against him

/////

---

[1] "Title II of the ADA was expressly modeled after [Section] 504 of the Rehabilitation Act." *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

'by reason of' his disability. For this independent reason, the complaint fails to state a claim under the ADA and/or Rehabilitation Act.

Equal protection claims by prisoners are not necessarily limited to racial and religious discrimination. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"). Plaintiff's allegations fail to state a claim under this standard, as he does not allege intentional discrimination, nor that the challenged policy does not relate to a legitimate penological purpose. Therefore, this claim must be dismissed.

<u>Leave to Amend</u>

The court will dismiss the complaint for failure to state a claim and give plaintiff the opportunity submit an amended complaint.

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30 days of service of this order; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: December 9, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE