1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAUN DARNELL GARLAND,                    No.  2:22-cv-01494-EFB (PC)

12              Plaintiff,

13         v.                                   ORDER

14    GENA JONES, et al.,

15              Defendants.

16

17

18         Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42

19    U.S.C. § 1983.  ECF No. 1.  On December 12, 2022, the undersigned granted plaintiff's request to

20    proceed in forma pauperis.  ECF No. 6.  On July 12, 2023, the undersigned ordered service of the

21    amended complaint on four defendants: Bolina, Gates, The California Department of Corrections

22    and Rehabilitation (CDCR), and California Correctional Health Care Services.  ECF No. 12.

23         Now before the court is defendants' October 30, 2023 motion to revoke plaintiff's in

24    forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. §

25    1915(g).  ECF No. 22.  Plaintiff has filed an opposition, and defendants have filed a reply.[1]  ECF

26         ───────────────

27    [1] Plaintiff has also filed an unauthorized sur-reply.  ECF No. 23.  Defendants move to
strike it; plaintiff opposes the motion.  ECF Nos. 24 & 25.  Local Rule 230(l), governing prisoner
actions, does not provide for the filing of a sur-reply.  Moreover, Local Rule 230(m) provides that

28    "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed" except

                                              1

Nos. 21 & 22.  For the reasons set forth below, the motion to revoke plaintiff's in forma pauperis

status must be granted and plaintiff is required to pay the filing fee or face dismissal of this

action.

I.  Motion to Revoke IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement

and prosecution of any suit without prepayment of fees by a person who submits an affidavit

indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States
> that was dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted, unless the
> prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation.

*Stehouwer v. Hennessey*, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by

*Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g))

makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma

pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination

thereof totaling three).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1178 (9th Cir.1999).  Section

1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination

that each action reviewed (as a potential strike) is carefully evaluated to determine that it was

dismissed as frivolous, malicious or for failure to state a claim.  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that allows

the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed

because they were 'frivolous, malicious or fail[ed] to state a claim.'"  *Id.*, at 1120, quoting

§ 1915(g).  Once defendants meet their initial burden, it is plaintiff's burden to explain why a

prior dismissal should not count as a strike.  *Id*.  If the plaintiff fails to meet that burden,

for two exceptions, neither of which apply here. Thus, defendants' motion to strike will be
granted.

2

1   plaintiff's IFP status should be revoked under § 1915(g).  *Id.*

2           In *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found

3   that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes."  Thus, "a

4   district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

5   has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike'

6   for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for

7   writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ

8   of certiorari expired, if he did not."  *Id*. at 1100 (internal quotation omitted). "If a prisoner does

9   not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a

10   direct appeal expired."  *Id*., n.6.

11   II.  Discussion

12          Defendants contend that plaintiff's litigation history shows that he has at least three prior

13   strikes[2]:

14       1.  *Garland v. Scribner*, No. 1:06-cv-00198-OWW-GSA-PC (E.D. Cal.) (dismissed on

15           December 23, 2008 for failure to state a claim).  Defs. Request for Judicial (RJN) Exhs. 2

16           & 3.  This dismissal has been previously determined to constitute a strike.  *Garland v.*

17           *Allison*, No. 2:21-cv-0796-DAD-DMC-P (E.D. Cal.) (August 18, 2023 Order granting

18           motion to revoke IFP status at 3).

19       2.  *Garland v. Hoffman*, No. 2:15-cv-02766 (C.D. Cal.) (dismissed on February 29, 2016 as

20           barred by the statute of limitations).  RJN Exhs. 4 & 5.  A dismissal for being time-barred

21           constitutes a strike.  *Belanus v. Clark*, 796 F.3d 1021, 1028 (9th Cir. 2015).   As in

22           *Garland v. Scribner* (see above), this dismissal has been previously determined to

23           constitute a strike.  *Garland v. Allison*, No. 2:21-cv-0796-DAD-DMC-P (E.D. Cal.)

24           (August 18, 2023 order granting motion to revoke IFP status at 3).

25       3.   *Garland v. Cate*, No. 2:12-cv-3095 KJM AC P (E.D. Cal.) (dismissed on July 31, 2013

26

27          [2] Defendants' request for judicial notice of the following cases is granted.  *See MGIC*
     *Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) (a court may take judicial notice of
     court records); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

28

3

1    for failure to state a claim).  RJN Exhs. 6 & 7.  Like the previous two cases, this dismissal

2    has been previously determined to constitute a strike. *Garland v. Allison*, No. 2:21-cv-

3    0796-DAD-DMC-P (E.D. Cal.) (August 18, 2023 order granting motion to revoke IFP

4    status at 3-4).[3]

5            In opposition to the motion to dismiss, plaintiff argues that the first of these three cases,

6    *Garland v. Scribner*, is not a strike because one claim added in the second amended complaint,

7    based on incidents at a different prison, was dismissed for lack of venue.  ECF No. 21.  However,

8    the undersigned concludes that the *Garland v. Allison* court was correct in determining that the

9    main basis for dismissal was failure to state a claim, and the case therefore counts as a strike.

10   Moreover, plaintiff's allegations in the complaint do not satisfy the "imminent danger" exception.

11   Because the court concludes that plaintiff is a "three strikes" litigant,

12           IT IS HEREBY ORDERED that:

13           1. Defendants' motion to strike the sur-reply (ECF No. 24) is GRANTED;

14           2. Defendants' motion to revoke in pauperis status and dismiss this action (ECF No. 18) is

15   granted, in part, to the following extent:

16           3.  Plaintiff's in forma pauperis status is REVOKED pursuant to 28 U.S.C. § 1915(g);

17           4.  The order granting plaintiff's application to proceed in forma pauperis (ECF No. 6) is

18   VACATED;

19           5.  The order directing the CDCR to make payments to the court from plaintiff's prison

20   trust account for payment of the filing fee for this action (ECF No. 7) is VACATED;

21           6.  The Clerk of Court is directed to serve a copy of this order on:

22                   (1) the Director of the CDCR; and

23                   (2) the Financial Department, U.S. District Court, Eastern District of California,

24           Sacramento Division;

25   ////

26   ////

27

28
_____
[3] The court does not reach the remaining cases defendants contend are prior strikes.

4

1      7.  Plaintiff shall submit, within 21 days from the date of this order, both the $350.00

2   filing fee and the $55.00 administrative fee for a civil action; and

3      8.  Plaintiff's failure to comply with this order will result in a recommendation that this

4   action be dismissed.

5

6   Dated: May 23, 2024

7                                                    EDMUND F. BRENNAN
                                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5