UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>GINA JONES, et al.,<br><br>Defendants. | No. 2:22-cv-01494-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss and request for judicial notice, filed August 19, 2024, and plaintiff's opposition to the motion to dismiss, filed January 17, 2025. After consideration of the parties' arguments and the record before the court, the court recommends defendants' motion be granted.

**I.     Background**

Plaintiff initiated this action via complaint filed on August 23, 2022. ECF Nos. 1, 6. The court dismissed the complaint with leave to amend, ECF No. 6, and plaintiff filed an amended complaint on February 17, 2023 (FAC). ECF No. 11. Upon screening, the court dismissed one of the named defendants and dismissed with leave to amend plaintiff's claims alleging violations of his Eighth and Fourteenth Amendment rights. ECF No. 12. Plaintiff did not file an amendment in response to that order. Defendants now move to dismiss the operative complaint

on the grounds that plaintiff's request for declaratory relief is barred by his membership in class action suits that concern the same relief, and that his request for monetary relief is foreclosed by his failure to allege facts that would entitle him to such relief. ECF No. 30.

## II.     Summary of Allegations

Plaintiff's allegations are as follows. Plaintiff is housed at the California Department of Corrections and Rehabilitation facility California Health Care Facility (CHCF), where he is assigned to the Enhanced Outpatient Program (EOP). FAC at 1-2. He has been diagnosed with "PTSD, Bipolar, and deep depression." *Id.* at 4-5. CHCF has what plaintiff identifies as a "big recreational yard" and, because plaintiff is assigned to EOP and because of his diagnoses, he has been prohibited from accessing this yard pursuant to CHCF's policy or custom. *Id.* at 2-8. Plaintiff alleges that this deprivation violates his rights under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act. *Id.* at 11-19; *see also* ECF No. 12. He requests declaratory judgments, monetary damages, and punitive damages. FAC at 22-23.

## III.    Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). For purposes of dismissal under Rule 12(b)(6), the court generally considers only

allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations, and any reasonable inference thereof, in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co.*, 710 F.3d at 956; *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

IV.     **Analysis**

    A.  **Request for Judicial Notice**

Concurrent with their motion to dismiss, defendants also request the court take judicial notice of certain documents filed in other federal cases. Judicial notice may be taken of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may sua sponte take judicial notice of any fact that meets this standard, Fed. R. Evid. 201(c)(1), and "must take judicial notice if a party requests it and the court is supplied with the necessary information" to rule on the request. Fed. R. Evid. 201(c)(2). It is proper for courts to consider matters of which they take judicial notice when ruling on a motion to dismiss. *Swartz v. KPMG LLP,* 476 F.3d 756, 763 (9th Cir.2007) (per curiam); *see* Fed. R. Evid. 201(d) ("The court may take judicial notice at any stage of the proceedings.").

Here, defendants request the court take judicial notice of Second Amended Complaint and Order for Final Approval of Settlement Agreement in *Hecker v. CDCR*, Case No. 2:05-cv-02441 KJM-DAD. ECF No. 30 at 4-5, Exs. 1-2. Court records are generally held to satisfy Rule 201(b)'s requirement of reflecting facts not subject to reasonable dispute, such that judicial notice of them is proper. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953). Defendants' request, therefore, is granted. Additionally, the court sua sponte takes judicial notice of all of the filings in *Hecker v. CDCR*, case no. 2:05-cv-2441-KJM-DAD (E.D. Cal.), and *Coleman v. Newsom*, case no. 2:90-cv-520-KJM-SCR (E.D. Cal.). *See* Fed. R. Evid. 201(c)(1).

**B. Plaintiff's Request for Declaratory Relief**

In his first amended complaint, plaintiff asks the court to issue declaratory judgments that the defendants have undertaken a discriminatory practice, in violation of the ADA and Rehabilitation Act, by implementing and/or enforcing an unwritten policy or custom that prevents plaintiff from accessing the "big recreational yard," although he is qualified to access it, and that policy or custom applies to plaintiff because of his "disability, mental illness, and his assignment to the EOP." FAC at 20-21. Defendants argue that this request for relief must be denied because it is encompassed in the settlement decree in the class action lawsuit, *Hecker v. CDCR*, case no. 2:05-cv-2441-KJM-DAD (E.D. Cal.), as plaintiff is a member of the plaintiff classes in *Hecker* and *Coleman*. The court agrees with defendants.

"[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation." *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). "[A] judgment based on settlement of a class claim" also "binds members of the class." *Moralez v. Whole Foods Market, Inc.*, 897 F. Supp. 2d 987, 997 (N.D. Cal. 2012) (citing, inter alia, *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373-74 (1996).) Where a class claim has been disposed of via settlement, the court must look to the terms of the agreement to determine "the extent to which the parties intended the settlement to bar future claims." *Id.*

Here, defendants have shown that plaintiff is a member of the plaintiff classes in *Coleman* and *Hecker*, such that the settlement agreement in *Hecker* precludes him from obtaining the declaratory judgment he seeks in the instant case. The *Coleman* case was initiated in 1990 under 42 U.S.C. § 1983 by plaintiffs who were persons incarcerated in California state prisons who suffered from serious mental disorders, and alleged that the CDCR and other state officials violated plaintiffs' Eighth and Fourteenth Amendment rights through the inadequacy of the mental health care provided in CDCR institutions. *Coleman v. Wilson*, 912 F. Supp. 1282, 1293 (E.D. Cal. 1995). The court certified the *Coleman* plaintiff class as "consisting of 'all inmates with serious mental disorders who are now or who will in the future be confined within the California Department of Corrections (except the San Quentin State Prison, the Northern Reception Center at Vacaville and the California Medical Facility–Main at Vacaville).'" It

4

subsequently found that the defendants had violated the Eighth Amendment in the provision of its mental health care and granted injunctive relief, the compliance of which is overseen by a court-appointed special master. *Id.* at 1297, 1315, 1319-23. The special master has overseen the development and implementation of remedial plans designed to address the Eighth Amendment violations, which include sweeping policy changes to how the CDCR provides mental health services throughout its institutions. *See Coleman v. Brown*, 938 F. Supp. 2d 955, 969 (E.D. Cal. 2013). The *Coleman* special mastership remains ongoing. *See, e.g.,* Transcript (ECF No. 8532), *Coleman v. Newsom*, 2:90-cv-520-KJM-SCR (E.D. Cal.).

*Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD, was initiated in 2006 by a purported class comprised of "all present and future California inmates of the CDCR with psychiatric conditions that are disabilities as defined by the ADA and the Rehabilitation Act who are excluded and/or screened out from any prison program, service, or activity on the basis of their assignment to or participation in the MHSDS program, including the EOP and the CCCMS." Second Amended Complaint, *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD ¶ 193. It alleged two causes of action, for violation of Title II of the ADA and for violation of Section 504 of the Rehabilitation Act of 1973, and sought declaratory and injunctive relief. *Id.* ¶¶ 199-208, 211-16.

Prior to ruling on class certification, the court referred the case to the *Coleman* special master, given that the claims raised in *Hecker* may have been affected by or addressed in the *Coleman* remedial plans already underway. Findings and Recommendations (ECF No. 65), *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD (Feb. 27, 2007); Order Adopting Findings and Recommendations (ECF No. 71), *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD (March 15, 2007). In response, the *Coleman* special master reported that he had reviewed the *Hecker* allegations and concluded that the proposed *Hecker* class was, necessarily, a subset of the *Coleman* plaintiff class and that their claims reflected issues common to the *Coleman* suit, which had been or could be addressed in the pending *Coleman* remedial plan. Status Report (ECF No. 72), *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD (June 12, 2007); *see also* Order (ECF No. 2108), *Coleman v. Newsom*, No. CIV S-90-0520LKKJFMP, 2007 WL 809690, at 2 (E.D. Cal. Jan. 12, 2007) ("The plaintiffs in *Hecker* are all members of the *Coleman* class."). Eventually, the parties in *Hecker* entered a

settlement, which was approved by the court in 2015.  Order for Final Approval of Settlement Agreement (ECF No. 148), *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD (March 2, 2015).

The terms of the *Hecker* settlement included that the *Coleman* remedial plan would be amended to address several complaints raised by the *Hecker* class, including increasing access of *Hecker* class members to programs and services and increasing accessing to programming by EOP members specifically.   Order for Final Approval of Settlement Agreement (ECF No. 148), *Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD (March 2, 2015) (*Hecker* settlement), Ex. A ¶¶ 8, 13, 21.  It further provided that if the *Hecker* class members had additional complaints of "issues of discrimination or exclusion against prison inmates with psychiatric disabilities" arising from "systemic policies, practices and procedures" of the CDCR or its institutions, such complaints would be resolved by the *Coleman* court.  *Id.* ¶ 23.  The settlement reflected a "full and final accord and satisfaction and release from all claims asserted in the Second Amended Complaint," releasing all past and current state "employees from all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the complaint." *Id.* ¶ 26.

In light of these orders, defendants are correct that plaintiff is barred from pursuing his claims for declaratory relief against the defendants for alleged violations of the ADA and Rehabilitation Act.  Plaintiff alleges that he is incarcerated at a CDCR institution, participates in the EOP, and has mental health disabilities, and that he is excluded from a particular recreational yard due to his EOP and/or disability status, FAC ¶¶ 3, 13-21, which would place him within the *Hecker* settlement plaintiff class, which was defined as "consisting of all present and future CDCR inmates with psychiatric conditions that are disabilities as defined by the Americans with Disability Act (ADA) and the Rehabilitation Act, and who are allegedly excluded and/or screened out from any prison program, service, or activity on the basis of their psychiatric disability status." *Hecker* Settlement at 2; *see Hecker* Settlement, Ex. A ¶ 11.  The claims in the operative complaint in *Hecker* included allegations that defendants discriminated against class members by, inter alia, denying them "access to recreational . . . facilities" on the basis of their disability status and/or status as participants in the EOP, violating both Title II of the ADA and section 405 of the Rehabilitation Act, and sought a declaratory judgment as a remedy.  Second Amended Complaint,

6

*Hecker v. CDCR*, 2:05-cv-2441-KJM-DAD ¶¶ 71, 72(c), 203, 208, 213. This mirrors plaintiff's allegations, which are that defendants violated the same statutory provisions by acting on a policy or custom that denies plaintiff access to a particular recreational yard due to his mental disabilities and EOP status, and plaintiff also seek declaratory judgment. FAC at 19-21, ¶¶ 29-39. The plain terms of the *Hecker* settlement released CDCR from "all claims, past, present and future, known or unknown, that arise or could arise from the facts alleged in the complaint," *Hecker* Settlement, Ex. A ¶ 26, which would include plaintiff's claims for declaratory relief asserted here. Thus plaintiff's claims for declaratory relief are not cognizable and should be dismissed without leave to amend. *See Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984); *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014).

   **C. Plaintiff's Request for Monetary Damages**

   Plaintiff also requests monetary damages as a remedy for his claims. FAC at 21-23. Respondents move to dismiss these allegations under Rule 12(b)(6) as failing to set forth facts tending to show that defendants acted with deliberated indifference. ECF No. 30 at 8. Because of the deficiencies in plaintiff's pleading of these allegations, defendant's motion should be granted as to these allegations, with leave to amend.

   Both Title II of the ADA and section 504 of the Rehabilitation Act bar disability-based discrimination by public entities. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); 29 U.S.C. § 794; 42 U.S.C. § 12132. To state a claim that a public program or service violated Title II of the ADA or section 504 of the Rehabilitation Act, a plaintiff must show: (1) he is a "qualified individual with a disability;" (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001). "Public entities" under both statutes include state prisons. *United States v. Georgia*, 546 U.S. 151, 153 (2006); *Pennsylvania Dept. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998); *see also Armstrong v. Wilson*, 124 F.3d

1019, 1025 (9th Cir. 1997). The state is responsible for providing people incarcerated in its prisons with "the fundamentals of life, such as sustenance, the use of toilet and bathing facilities, and elementary mobility and communication," and, as such, the ADA requires that these "opportunities" be provided to disabled persons "to the same extent that they are provided to all other detainees and prisoners." *Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 (9th Cir. 2010); *see also Pierce*, 526 F.3d at 1220. Nonetheless, the ADA does not mandate "complete parity" between the programs and facilities offered to disabled and to non-disabled persons. *Pierce*, 526 F.3d at 1222; *see also id.* at 1215 (citing 28 C.F.R. § 35.150).

Both statutes permit the recovery of monetary damages, if the plaintiff proves intentional discrimination by the defendant, which is met by showing the defendant acted with deliberate indifference. *Csutoras v. Paradise High Sch.*, 12 F.4th 960, 966 (9th Cir. 2021); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). Deliberate indifference requires that the defendant had "knowledge that a harm to a federally protected right [was] substantially likely, and . . . fail[ed] to act upon that likelihood." *Duvall*, 260 F.3d at 1139.

Here, plaintiff had not alleged sufficient facts in the first amended complaint to give the defendants fair notice of what federally-protected right was allegedly harmed by defendants' actions, and on what basis the defendants should have known that their actions or inactions were substantially likely to cause such harm. *See Iqbal*, 556 U.S. at 678-79. Plaintiff's only specific factual allegations in the FAC on this point are that defendants had a policy or custom that "prevented" plaintiff "from accessing the 'big recreation yard,' on the E-facility" of the institution where he is housed. FAC at 2; *see also id*. at 3-8, 11-16 (alleging same). Plaintiff, however, failed to allege any specific facts identifying the harm suffered to him personally, including, for example, when he was denied access to the yard at issue. Moreover, it is unclear from plaintiff's allegations what exactly is the nature of the federally-protected right he asserts was harmed, nor facts from which defendants' scienter could be inferred. *See generally* FAC; *Iqbal*, 556 U.S. at 678-79. These omissions mean that plaintiff has not met his pleading burden at this stage. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Although plaintiff provides some additional factual allegations in his opposition to

the motion to dismiss, the court cannot rely on factual allegations that are set forth for the first time in an opposition brief when assessing whether a complaint meets Rule 12(b)(6)'s standards. *See Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). Because the court is unable to determine, based on the representations plaintiff makes in his opposition brief, if amendment of the first amended complaint would be futile, plaintiff should be granted leave to amend these allegations. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a district judge to this action.  It is further RECOMMENDED THAT:

1. Defendants' motion to dismiss (ECF No 30) be GRANTED WITH PREJUDICE as to plaintiff's claims for declaratory relief, and be GRANTED WITH LEAVE TO AMEND as to plaintiff's claims for monetary relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE