UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN DARNELL GARLAND,<br><br>Plaintiff,<br><br>v.<br><br>BOLINA, et al.,,<br><br>Defendants. | No. 2:22-cv-01494-DJC-EFB (PC)<br><br>ORDER & FINDINGS AND <u>RECOMMENDATIONS</u> |

      Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court has dismissed plaintiff's first amended complaint, with leave to amend the claims for damages under the Rehabilitation Act and the Americans with Disabilities Act. ECF Nos. 35, 37. Plaintiff's second amended complaint is now before the court for screening. ECF No. 43.

**I.    Screening**

    A.  *Legal Standards*

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

1

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing Conley v. Gibson, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

B. *Plaintiff's Allegations*

Plaintiff formerly asserted claims under the Eighth and Fourteenth Amendments to the U.S. Constitution and under the Americans with Disabilities and Rehabilitation Acts (ADA and RA, respectively) against the California Department of Corrections and Rehabilitation, California Correctional Health Care Services, and various individual defendants. The court dismissed the Eighth and 14th Amendment claims on screening the amended complaint, because plaintiff had

not alleged sufficient facts to state potentially cognizable claims. ECF No. 12.

The court subsequently granted defendants' motion to dismiss plaintiff's ADA and RA claims, finding that plaintiff had failed to allege facts showing intentional discrimination as was required to obtain damages under those statutes. ECF Nos. 35, 37. The court granted plaintiff leave to amend the damages claims. *Id.* (The court also dismissed plaintiff's claims for declaratory relief under the statutes without leave to amend.) Rather than amending the ADA and RA claims, plaintiff has changed course to allege a single claim for retaliation in violation of the First Amendment against a single defendant, Romero.

Plaintiff alleges that, during 2021 and 2022, inmates housed in the E-facility of California Health Care Facility, Stockton (CHCF) who participated in the prison's Enhanced Outpatient Program (EOP) complained about inadequate mental health treatment. ECF No. 43. Plaintiff does not allege that he himself complained. Defendant Romero, E-facility captain, retaliated against the E-facility EOP inmate population by transferring about 60% of them and reclassifying two EOP housing units as general population units. *Id.* In addition, "[i]ncarcerated individuals/patients were prevented from attending the Big Recreational Yard . . . to the manner [they] had been accustomed to and able to without restriction before the retaliatory measures implemented by Captain Romero went into effect." *Id.* at 3-4. Plaintiff complained but the restriction on yard access remained. *Id.*

C. *Analysis*

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Individuals generally lack standing to enforce the constitutional rights of others. *Jackson v. Official Representatives & Employees of Los Angeles Police Dep't*, 487 F.2d 885, 886 (9th Cir.

3

1973).  It is an open question whether, and in what circumstances, the Constitution protects an individual from retaliation motivated by the conduct of a close personal associate.  *DeFrancesco v. Robbins*, 136 F.4th 933 (9th Cir. 2025).  Because plaintiff has not alleged that defendant's allegedly retaliatory actions were taken in response his, or a close personal associate's, protected conduct, the second amended complaint must be dismissed.

Despite notice of the deficiencies in his complaints and two opportunities to amend, plaintiff has not stated a potentially cognizable claim, indicating that further leave to amend would be futile.  *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

## II. Order and Recommendation

Accordingly, it is ORDERED that defendants' motion for the court to screen the second amended complaint (ECF No. 45) is GRANTED.  It is RECOMMENDED that the second amended complaint be dismissed without further leave to amend and the case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)

Dated: December 16, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE